United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINH TRAN NGUYEN, Petitioner, | § § § § | CIVIL ACTION NUMBER 4:26-cv-00596 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAMELA BONDI, *et al*, Respondents. | § § | |

## ORDER

Pending are a petition for writ of *habeas corpus* by Petitioner Vinh Tran Nguyen and a motion for summary judgment by the Government. Dkts 1 (petition) & 10 (motion).

Petitioner argues, among other things, that the Government failed to comply with 8 CFR §§241.13(i)(2), (3) in revoking his release. Dkt 1 at ¶¶99–103.

The Government doesn't explicitly indicate what "changed circumstances" led to the decision to revoke Petitioner's release, as §241.13(i)(2) requires. But it does assert that Petitioner was detained upon determination that there exists a significant likelihood that he will be removed in the reasonably foreseeable future, as required under §241.13(i)(2). See Dkt 10 at 7. In support, it attaches a declaration from a deportation officer in a separate matter that "Vietnam is currently accepting the return of all their citizens," with citation to ten recent examples. Dkt 10-3 at ¶17.

The Government further claims that Petitioner would have received notice of the reasons for revocation "as a matter of course" at the time he was taken back into custody as required under §241.13(i)(3). Dkt 10 at 8. But

even if he didn't, the Government contends that the appropriate remedy for failing to provide such notice would be to provide Petitioner with the reasons for revocation of release. See Dkt 10 at 8–10.

It is thus unclear from the record (i) what "changed circumstances caused revocation of Petitioner's release under 8 CFR §241.13(i)(2), and (ii) whether the Government has complied with the notification, interview, and informational obligations under 8 CFR §241.13(i)(3).

The Government is ORDERED to make a further evidentiary filing in this regard by March 6, 2026. It must specifically include (i) the changed circumstances that led to revocation of Petitioner's release, and (ii) a date by which it anticipates receipt of travel documents for Petitioner and/or effectuation of Petitioner's removal.

SO ORDERED.

Signed on February 26, 2026, at Houston, Texas.

*CREskridge*

Honorable Charles Eskridge
United States District Judge