United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VINH TRAN NGUYEN, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-00596 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PAMELA BONDI, *et al*, | § | |
| Respondents. | § | |

**OPINION AND ORDER**

Pending is a petition by Vinh Tran Nguyen for writ of *habeas corpus* and a motion by the Government for summary judgment. Dkts 1 & 10.

Petitioner hasn't established that his detention, at present, is unlawful. The petition will thus be denied, and the motion for summary judgment will be granted. Dkts 1 & 10.

### 1.   Background

Petitioner Vinh Tran Nguyen filed a petition for writ of *habeas corpus* on January 26, 2026. Dkt 1. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

The record establishes the following facts as true.

Petitioner is a native and citizen of Vietnam who was admitted into the United States as a child in 1984 after inspection by an immigration official. Dkts 1 at ¶2 & 10-2 at ¶9 (declaration of deportation officer Coburn). He was ordered removed from the United States on November 22, 2013, after being convicted of first-degree assault, felony menacing, and two counts of aggravated robbery. Dkts 10-2 at ¶¶10, 12–14 & 13-1 at ¶¶7, 9 (declaration of deportation

officer Franco); see also Dkt 10-1 (order of immigration judge). After being ordered removed, Petitioner remained in custody for ninety-one days until February 21, 2014, when he was released on an order of supervision. Dkts 1 at ¶5, 10-1 at ¶¶10–11 & 13-1 at ¶9.

Petitioner was then taken into custody by ICE on November 19, 2025. Dkt 10-2 at ¶19. On December 15, 2025, an electronic travel document request was submitted to the Vietnam Embassy by an ICE officer. Dkt 13-1 at ¶13. On March 3, 2026, ICE received a response from the Vietnam Embassy indicating that Petitioner's "travel document request was forwarded to Vietnam [ ] for processing of travel documents." Dkt 13-1 at ¶19. Though ICE does "not have a specific date or estimate" for when that will occur, it nonetheless maintains that "there exists a significant likelihood of removal in the reasonably foreseeable future." Ibid.

Petitioner remains in custody at the Houston Processing Center. Dkt 1 at ¶15. He filed this action to challenge his detention under (i) the Immigration and Nationality Act and its implementing regulations in 8 CFR §241.13, (ii) the Due Process Clause of the Fifth Amendment, and (iii) the Administrative Procedure Act. Id at ¶¶99–113. In the main, Petitioner alleges that there is no significant likelihood of removal in the reasonably foreseeable future "because [he] lacks any proof of his Vietnamese citizenship." Id at ¶12. He further alleges that the Government has not complied with the revocation procedures set forth in 8 CFR §241.13(i)(3). Id at ¶19.

The Government was ordered to show cause as to the lawfulness of this detention. Dkt 4. It filed a response and motion for summary judgment. Dkt 10. In response to further order, it also submitted a supplemental filing as to (i) what "changed circumstances" led to revocation of Petitioner's release, and (ii) a date by which it anticipates receipt of travel documents for Petitioner and/or effectuation of Petitioner's removal. Dkts 12 (order) & 13 (supplemental filing).

2. Statutory and regulatory framework

The *Zadvydas* framework and related regulations set forth in 8 CFR §241.13 regarding detention pending removal proceedings govern here. The undersigned considered that framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). That analysis is incorporated.

In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v Davis*, 533 US 678, 689 (2001). It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

Because this action involves revocation of prior release on an order of supervision, 8 CFR §241.13 applies. The scope of the regulation provides at the outset:

> This section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 *after* the expiration of the removal period, *where* the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future.

8 CFR §241.13(a) (emphasis added).

After an alien (as here) has been released on an order of supervision, the Government may revoke release either for violating conditions of release, under §241.13(i)(1), or

3

for removal, under §241.13(i)(2). Pertinent in this case is the latter, which provides:

> The Service may revoke an alien's release under this section and return the alien to custody *if, on account of changed circumstances, the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.

8 CFR §241.13(i)(2) (emphasis added).

In situations when the Government seeks to revoke such release, §241.13(i)(3) then provides the procedures necessary for doing so:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 CFR §241.13(i)(3).

With that regulatory framework in mind, consideration of the merits is now in order.

4

3. Analysis

a. Significant likelihood of removal

In total, Petitioner has spent nearly seven months in ICE detention, being three months in 2013 and approximately four months at present. Dkt 1 at ¶¶5, 8. The undersigned previously determined in *Abuelhawa* that the presumptively reasonable six-month detention period under *Zadvydas* is "cumulative, motivated by a concern that the federal government could otherwise detain aliens indefinitely by continuously releasing and re-detaining them." 2025 WL 2937692 at *4. Petitioner's detention is thus no longer presumptively reasonable under *Zadvydas*.

As to whether *no significant likelihood of removal* exists, the alien must "demonstrate that 'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Tawfik v Garland*, 2024 WL 4534747, *3 (SD Tex), quoting *Idowu v Ridge*, 2003 WL 21805198, *4 (ND Tex). "Speculation and conjecture are not sufficient" to make this showing, nor is a "lack of visible progress" toward removal sufficient in and of itself. Ibid. But where there is "virtually no hope of repatriating" a detainee, courts have found an institutional barrier sufficient to show there is no significant likelihood of removal. *Apau v Ashcroft*, 2003 WL 21801154, *3 (ND Tex).

Petitioner hasn't carried his threshold burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 US at 701. On this point, Petitioner argues that there is "no significant likelihood that [he] will be granted a Vietnamese travel document in the reasonably foreseeable future" because he lacks a Vietnamese birth certificate, passport, or any other proof of his Vietnamese citizenship. Dkt 1 at ¶12. He also points to the 2020 Memorandum of Understanding entered between Vietnam and the United States. Dkts 1 at ¶2 & 11 at 3–5.

5

To the extent pertinent, the MOU actually weighs against Petitioner's position. For by it, Vietnam affirmed its intention to "issue travel documents where needed, and otherwise to accept the removal of an individual subject to a final order of removal from the United States." Dkt 11 at 4.  As such, apart from conjecture that he doesn't yet have Vietnamese travel documents and thus believes removal to be unlikely, Petitioner doesn't point to any other individual or institutional circumstances that would present a barrier to his removal in the near future. In short, Petitioner "has offered nothing beyond his conclusory statements suggesting that he will not be immediately removed," based solely on a "lack of visible progress." *Andrade v Gonzales*, 459 F3d 538, 543 (5th Cir 2006); *Tawfik*, 2024 WL 4534747 at *3. Such assertions are insufficient to carry his initial burden under *Zadvydas* and 8 CFR §241.13(a).

Even if Petitioner had satisfied his burden under *Zadvydas*, the Government rebuts that showing. On revocation of release, the Government may return an alien to custody "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the foreseeable future." 8 CFR §241.13(i)(2).

As to *changed circumstances*, the Government submits the declaration of a Deportation Officer, stating that "Petitioner was re-detained because he is subject to a final, valid order of removal which the Government intends to, and at this point is able to, execute." Dkt 13. Regarding the potential timeline for removal, the declaration further asserts that (i) on December 15, 2025, ICE submitted a travel document request to the Vietnam Embassy on behalf of Petitioner, and (ii) on March 3, 2026, Vietnam Headquarters Embassy responded to ICE that the travel document was forwarded to the embassy for processing. Dkt 13-1 at ¶¶13, 19. This demonstrates that the procurement process for travel documents is ongoing. This undermines Petitioner's position, which itself rests on an assertion of lack of discernable progress in securing travel documents.

6

The Government has also demonstrated that Vietnam is actively cooperating in repatriating its citizens from the United States. In that regard, it attached a declaration from a deportation officer in a separate matter, indicating that "Vietnam is currently accepting the return of all their citizens," with citation to ten recent examples. Dkt 10-3 at ¶17. It indicates that removal is "currently taking two to three months." Ibid. Such facts bolster the Government's position that Petitioner's removal is significantly likely in the reasonably foreseeable future.

For these reasons, Petitioner's claims under 8 USC §1231(a)(1)–(3), 8 CFR §241.13(i)(2), and the Due Process Clause of the Fifth Amendment, as interpreted by *Zadvydas,* are unavailing. Dkt 1 at ¶¶99–107.

### b.   Procedures upon revocation of release

Petitioner also contends that the Government hasn't complied with its notification, interview, and informational obligations under 8 CFR §241.13(i)(3). Dkt 1 at ¶¶19, 99–103. The Government responds that such notice and process would have "occurred as a matter of course." Dkt 10 at 8. But even if it didn't, the Government argues that the proper remedy for any such deficiency would be an order requiring that the process be afforded now—not release from custody. Ibid, citing *Texas v United States*, 126 F4th 392, 420 (5th Cir 2025): "Remedies must be 'tailored to redress' a plaintiff's injury . . . and equitable remedies such as injunctions should not provide more relief than 'necessary to give the prevailing party the relief to which [it] is entitled.'" Petitioner argues to the contrary that such deprivation amounts to a violation of due process, for which immediate release is warranted. Dkt 11 at 13.

The Government is correct. To the extent that it has failed to comply with its obligations under 8 CFR §241.13(i)(3), the appropriate remedy at this juncture would be further process, not release.

But notably in that respect, a submitted declaration states that an ICE officer attempted to serve an I-229 form and a Notice of Alien of File Custody Review, but that

Petitioner refused to sign both documents. Dkt 13-1 at ¶¶16, 18. As such, the record establishes that the Government did provide Petitioner notice, who refused to cooperate and thus rejected it.

### c.   Administrative Procedure Act

Petitioner also argues that his detention is arbitrary and capricious under 5 USC §706(2)(A). Dkt 1 at ¶¶108–113. Such claim under the Administrative Procedure Act is foreclosed by 5 USC §704, given that adequate remedy exists through relief on *habeas corpus*. For example, see *Garcia Tabon*, 4:25-cv-06145, Dkt 14 at 3; *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2–3.

Regardless, the APA claim relies on the decision by ICE to re-detain Petitioner, which is determined to be lawful above. It thus fails on the merits.

### 4.   Conclusion

The motion by the Government for summary judgment is GRANTED. Dkt 10.

The petition for writ of *habeas corpus* by Petitioner Vinh Tran Nguyen is DENIED. Dkt 1.

A final judgment dismissing this action with prejudice will enter separately.

SO ORDERED.

Signed on March 23, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge